UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARSHANDRIUS THORNTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 1:09-CV-145 RM |
| ) | |
| ST. ANNE HOME OF THE DIOCESE ) | |
| OF FORT WAYNE-SOUTH BEND INC., ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

This cause is before the court on Marshandrius Thornton's motion for relief from the bill of costs. Doc. No. 89. Following a four day jury trial in June, 2011 where the jury found for St. Anne Home, St. Anne Home filed a bill of costs. Doc. No. 86. Ms. Thornton has moved for relief from those costs on the assertion that some or all of the costs are invalid or inappropriate. For the reasons stated below, the court grants the motion in part and denies it in part.

Litigants must pay certain costs during the course of litigation, and those costs, defined in 28 U.S.C. § 1920, could be borne by either party. When a judgment is entered in favor of one party over the other, there is a presumption that the prevailing party may be reimbursed for its litigation costs. Luckey v. Baxter Healthcare Corp., 183 F.3d 730, 734 (7th Cir. 1999) ("Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them-not just a morally or economically better claim, but under Rule 54(d) a

legally better claim."). Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to submit its costs, other than attorney's fees, to the clerk of court to be taxed against the losing party. Local Civil Rule 54.1 clarifies that the prevailing party has 14 days from the date of the entry of final judgment to file its costs. Federal Rule of Civil Procedure 54(d)(1) then allows the losing party 7 days to file a motion to ask the court to review the clerk's entry of the costs.

Once the period to protest the costs has passed, the clerk's taxing of the costs becomes part of the judgment. *See* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.").

In this case, following the jury verdict, the clerk of court entered judgment on June 13, 2011. Doc. No. 82. St. Anne Home submitted its bill of costs on June 17. Doc. No. 86. On June 21, the clerk entered notice that the costs would be taxed on July 5, 2011. Doc. No. 88. On August 8, more than a month after the clerk taxed the costs, Ms. Thornton moved to set those costs aside. The rules of civil procedure allow only seven days after the clerk taxes the costs to file a motion asking the court to review the clerk's action. Fed. R. Civ. P. 54(d)(1). Ms. Thornton's motion was not within that window of time and it does not purport to show good cause as to why that time window should be extended. Therefore, the court cannot consider Ms. Thornton's motion under Rule 54.

Because the time to file a motion under Rule 54 has passed, Ms. Thornton asks the court for relief from a judgment or order, citing Federal Rules of Civil Procedure 60(a) and (b)(4). The assessment of costs is part of the final judgment

2

of this court, so it may be attacked in only a limited number of ways. Rule 60(a) allows courts to correct clerical mistakes and oversights. Rule 60(b)(4) allows courts to relieve parties from final judgment where the judgment is void. The court of appeals has explained the distinction between the rules. American Federation of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d 726, 728 (7th Cir. 1994). Rule 60(a) allows "changes that implement the result intended by the court at the time the order was entered" and corrects flaws "in the translation of the original meaning of the judgment." Id. *(quoting* Wesco Products Co. v. Alloy Auto. Co., 880 F.2d 981, 984 (7th Cir. 1989). Rule 60(b)(4) allows "changes that alter the original meaning to correct a legal or factual error." Id. (*quoting* Wesco Products, 880 F.2d at 984).

Rule 60(b)(4) doesn't apply in this case. Ms. Thornton hasn't demonstrated any reason why the judgment itself, even including the costs, is void. *See* Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 891 (7th Cir. 1989). The original meaning of the judgment of the court was a jury verdict in favor of St. Anne Home and, because they were unopposed, costs borne by St. Anne Home to be taxed against Ms. Thornton. Nothing indicates that the judgment is subject to attack because it is based on legal or factual error.

Rule 60(a), however, might have some application. If the judgment is valid but improperly implemented, Rule 60(a) allows the court to correct that. American Federation of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d at 728. *See also* United States v. Griffin, 782 F.2d 1393, 1397 (7th Cir. 1986) (referring to "the

3

principal function of Rule 60(a)" as "protecting the court's (or the parties') actual meaning from mistakes in implementation.").

Ms. Thornton objects to six types of taxed costs by raising two categories of objections. First, she objects to items that are legitimate costs but are, she says, incorrectly applied or calculated. Second, she objects to items that she says aren't legitimate costs. When an item is considered a cost that can be taxed under 28 U.S.C. § 1920, the court can't reconsider whether the amount or manner they were taxed is correct. Motions to correct costs must to be brought under Rule 54 in the time allotted. In the latter case, if the item taxed is not truly a cost, then the court will correct the judgment by removing that item. In that instance, Rule 60(a) applies; the judgment, while valid, will be improperly implemented if items that are not truly costs are taxed. The inquiry, then, focuses exclusively on whether the item is a cost and not on whether an item that is a cost is correct or fair.

The bill of costs filed by St. Anne Home totals $4,664.83. That total is broken into six categories: court reporting fees, expert fees, witness fees, attorney travel fees, copying costs, and postage.

St. Anne Home requested $1,538.14 which represents court reporting fees for three depositions, plus a fee of $80 for cancellation of a deposition. Ms. Thornton contends that the per-page fees and the video deposition fees are higher than is customarily allowed and that the fee for videotaping the deposition overlaps with the fee for transcribing the videotape later. Court reporter charges are explicitly allowed by 28 U.S.C. § 1920, which includes in its list of allowed

4

costs, [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In Little v. Mitshubishi Motors North America, Inc., 514 F.3d 699, 702 (7th Cir. 2008), the court of appeals found that 28 U.S.C. § 1920 allowed for the potentially duplicative cost of both video-recording and stenographically transcribing a deposition to be charged to the losing party. Thus, because fees for depositions are generally allowed as costs and fees for both videotaping and transcribing a deposition are allowed as costs, then any challenge to the amount of those fees needed to be brought under Rule 54(d). The taxing of these unchallenged costs can't be said to be an improper implementation of the court's judgment, so that portion of the cost assessment can't be challenged under Rule 60(a).

Ms. Thornton protests the $80 fee a court reporter charged for cancelling a deposition. It appears that St. Anne Home mistakenly booked two court reporters for the same deposition and released the duplicate one, who then charged $80. While the statute allows deposition costs, this isn't a deposition cost; it's a fee arising from a scheduling mistake by St. Anne Home. Because it's not within the statute to tax such a fee to the losing party, the court directs the clerk to reduce the bill of costs by $80.

Ms. Thornton objects to the assessment of an expert witness fee because St. Anne Home hired the expert. Expert witness fees are treated as a derivative of attorney's fees under 42 U.S.C. § 1988, which says, "In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a

5

provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." Rule 54 says that claims for "attorney's fees and other nontaxable expenses must be made by motion." Thus, while expert fees may be recoverable under the statute, St. Anne Home didn't move to recover expert or attorney's fees and just included expert fees on the bill of costs. These expert fees aren't recoverable as taxable costs and the inclusion of them rises to the level of a mistake as contemplated by Rule 60. The expert witness fee will be removed from the bill of costs.

Ms. Thornton objects to the per diem witness fees. 28 U.S.C. § 1821 allows a witness attendance fee of $40 per day. Ms. Thornton points out that St. Anne Home only called four witnesses at trial. The statute, however, allows a fee for each day a witness appears (so one witness could be paid more than $40) and allows a fee for when the witness appears in court or at a deposition. Because there was a full trial and several depositions, the court has no reason to find that $280 is a clerical error. The witness fees stand.

St. Anne Home included travel costs for its attorneys to attend deposition and trial. Like expert witness fees, these are recoverable costs, but are considered attorney's fees and must be sought by separate motion, not taxed by the clerk. St. Anne Home didn't move for the fees, so they will be removed from the bill of costs.

Ms. Thornton objects to the copying costs, saying they are excessive. Copying costs are allowed under 28 U.S.C. § 1920, and specific detail isn't required to justify copying costs. Northbrook Excess and Surplus Ins. Co. v.

6

Proctor & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). Even though St. Anne Home has not included any detail in its copying expense line, because copying expenses are a legitimately taxable expense, the court won't require further detail. The copying charges stand.

Finally, Ms. Thornton objects to the taxing of postage costs. While legitimate postage expenses may seem to easily fit with copying costs, 28 U.S.C. § 1920 doesn't provide for postage costs. *See also* American Nat'l Ins. Co. V. Citibank, F.S.B., 623 F.Supp 2d953, 956 (N.D. Ill 2009) (finding that postage costs are a cost of doing business and are not taxable to the losing party). Accordingly, taxing the postage costs is an improper implementation of the judgment and the postage costs will be removed.

Based on the forgoing, the court will adjust the bill of costs to remove only those costs that are clearly the result of clerical error or oversight while not questioning any cost which could be legitimate. The court GRANTS Ms. Thornton's motion in part and directs the clerk of courts to:

- Reduce the bill of costs by $80, which represents the deposition cancellation fee.

- Reduce the bill of costs by $1912.50, which represents Dr. Robert S. Barkhaus' expert witness fee.

- Reduce the bill of costs by $333.79, which represents the car hire attorney travel expense.

- Reduce the bill of costs by $142.26, which represents postage charges.

The court finds the remaining $2,196.28 to be unchallenged costs, properly taxed by the clerk of court.

SO ORDERED.

ENTERED:  <u>October 3, 2011</u>


<u>     /s/ Robert L. Miller, Jr.          </u>
Judge
United States District Court